IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLOUNT INC., a Delaware                    06-CV-767-BR
corporation; and OREGON
CUTTING SYSTEMS,                           OPINION AND ORDER
a division of Blount Inc.,

       Plaintiffs,

v.

TRILINK SAW CHAIN, LLC, a
Georgia Limited Liability
Company; TRILINK GLOBAL, LLC,
a Georgia Limited Liability
company; JINHUA TRILINK
HARDWARE COMPANY, LTD, a
Chinese company; and JINHUA
HUIHUANG HARDWARE COMPANY, LTD,
a Chinese company,

       Defendants.

**CHRISTOPHER J. LEWIS**
**DAVID W. AXELROD**
**PAUL H. BEATTIE**
**DEVON ZASTROW NEWMAN**
Schwabe Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue
Portland, OR 97204
(503) 222-9981

     Attorneys for Plaintiffs

**SUSAN D. PITCHFORD**
**WILLIAM O. GENY**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

     Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on the Motion for Summary Judgment (#106) of Plaintiffs Blount, Inc. and Oregon Cutting Systems.  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.


## PROCEDURAL BACKGROUND

     On May 31, 2006, Plaintiff filed their Complaint and alleged Defendants TriLink Saw Chain, TriLink Global, Jinhua TriLink Huihuang Company, and Jinhua Huihuang Hardware Company Ltd. infringed their Patents Nos. 5,136,783 ('783 Patent) titled "Chain Saw Sprocket" and 6,003,423 ('423 Patent) titled "Saw

2 - OPINION AND ORDER

Chain Identification.".  On July 1, 2008, Plaintiffs withdrew their claim as to the '423 Patent.  On June 8, 2007, following a Markman hearing, the Court issued its Order construing certain elements of Claim One of the '783 Patent.

On August 18, 2008, Defendants filed a Motion for Summary Judgment (#99), asserting Plaintiffs' '783 Patent was invalid as anticipated by prior art.  At the same time, Plaintiffs filed a Motion for Summary Judgment (#106), asserting they were entitled to a judgment that Defendants' infringed of Claim One of the '783 Patent (Claim One).  In their Motion, Plaintiffs assert two limitations of Claim One are infringed by Defendants' products: (1) "mated for engagement with the rounded bottoms in gullets," and (2) "common linear path along guide edges of guide bar." Both parties also filed Motions to Strike.

On October 24, 2008, the Court heard oral argument on all of the parties' Motions.  For the reasons stated on the record during oral argument, Defendants' Motion to Strike was deemed moot, Plaintiffs' Motion to Strike was taken under advisement pending supplemental submissions from the parties, and both Motions for Summary Judgment were also taken under advisement.

On October 28, 2008, the Court denied Defendants' Motion for Summary Judgment by minute order, stating issues of

3 - OPINION AND ORDER

material fact existed as to whether the '783 Patent is
anticipated as prior art.

On October 30, 2008, Defendants withdrew the exhibit that
was the subject of Plaintiffs' Motion to Strike and reported
they no longer contested the "common linear path along guide
edges of guide bar" limitation of the '783 Patent.[1]  Accordingly,
by minute order on November 3, 2008, the Court denied Plaintiffs'
Motion to Strike as moot.

At this point the only remaining summary judgment issue
before the Court is whether Plaintiffs' have established as a
matter of law and undisputed fact that Defendants' products
infringe the "mated for engagement with the rounded bottoms in
gullets" limitation of Claim One.


## BACKGROUND

Plaintiff Blount, Inc., is a Delaware corporation
headquartered in Portland.  Plaintiff Oregon Cutting Systems
is a division of Blount, also headquartered in Portland.
Defendants Trilink Saw Chain, LLC, and Trilink Global, LLC, are
Florida limited liability companies headquartered in Atlanta,

---

[1] The parties should note the limitations that have been
conceded by Defendant as "Agreed Facts" in the Pretrial Order
and, accordingly, these limitations will not require any proof at
trial.

4 - OPINION AND ORDER

Georgia.  Defendants Jinhua Trilink Huihuang Company Limited
and Jinhua Huihuang Hardware Company Ltd. are registered Chinese
companies headquartered in Jinhua, Chejiang, China.

The '783 Patent addresses the interaction between a nose
sprocket and a saw chain around the far end of the guide bar
of a chain saw.  The nose sprocket guides the saw chain around
the end, or nose, of the guide bar.  The saw chain is the part of
the saw that cuts material.  It rests on edges of the guide bar.
The nose sprocket is located at the far end of the guide bar in
order to guide the saw chain around the nose of the guide bar.
The saw chain is composed of two types of alternating links:
cutting links and drive links.  The links are coupled together
with rivets.  Cutting links have a sharp projection at the top.
Drive links have a projection, or tang, at the bottom.  During
operation, the tang engages with a drive sprocket that is
located in the body of the saw for the purpose of driving the saw
chain around the guide bar.

The parties do not contest the following facts.  In a
conventional guide bar/saw chain combination (combo), the tangs
engage the spaces, or gullets, between the teeth of the nose
sprocket only on the two sides of the tang, *i.e.*, in only two
places.  This, in turn, causes stress and premature wear to
the sprocket.  The purpose of the combo addressed by the
'783 Patent is to reduce this wear on the nose sprocket.  To

that end, the tangs of a '783 combo engage the gullet on the
bottom of the tang in addition to both sides and, thus,
transfer operational forces to the bottom of the gullet
away from the sides, which reduces wear on the nose sprocket.

In early 2004, Defendants decided to enter the combo market
and started manufacturing combos about 18 months after obtaining
sample combos from Home Depot.  Eventually Defendants began
selling their combos to Home Depot.  When Plaintiffs learned that
Defendants were selling combos to Home Depot, they obtained and
tested samples of Defendants' combos and they concluded
Defendants' products were infringing Plaintiffs' patents,
including the '783 Patent.

Plaintiffs assert the following five products (the Accused
Products) infringe Claim One of the '783 Patent:

(1)  14B (14-inch guide bar/seven tooth sprocket);

(2)  16C (16-inch guide bar/seven tooth sprocket);

(3)  16E (16-inch guide bar/seven tooth sprocket);

(4)  18A (18-inch guide bar/seven tooth sprocket); and

(5)  20A (20-inch guide bar/seven tooth sprocket).

**STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary
judgment if no genuine issue exists regarding any material fact

6 – OPINION AND ORDER

and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

## DISCUSSION

Plaintiffs contend Defendants have infringed Claim One of the '783 Patent literally, under the doctrine of equivalents, and indirectly.

7 - OPINION AND ORDER

I.    **Standards.**

A device or process can infringe a patent literally or under the doctrine of equivalents. *Amhil Enter., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562-63 (Fed. Cir. 1996).  A patent holder has the right to "exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States." 35 U.S.C. § 154(a)(1).  A party infringes the patent if, "without authority," it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."  35 U.S.C. § 271(a).

The boundaries of an invention are defined by patent claims contained in a "specification." 35 U.S.C. § 112.  The specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." *Id.*

Infringement analysis involves two steps:  (1) "[T]he court determines the scope and meaning of the patent claims asserted" through claim construction and (2) "the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v. FAS Tech., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (citations omitted).

**II.  The '783 Patent.**

Claim One of the '783 Patent includes the following limitations:

In a chain saw:

a guide bar having opposed guide edges and a nose sprocket;

a saw chain having center links and side links with coupling pins pivotally connecting the center links front and rear to pairs of side links;

said sprocket having sprocket teeth defining gullets therebetween, said guide edges of said guide bar having edge grooves, and tang portions provided on said center links of said saw chain extending below said side links and protruded into the edge grooves of the guide bar and into the gullets of the sprocket when the saw chain is entrained on said guide bar, and as entrained on said guide bar, said front and rear coupling pins defining a common linear path along said guide edges of said guide bar and a common curviling around said nose sprocket;

said sprocket teeth having adjoining root portions cooperatively configured to define a rounded bottom in said gullets;

said center link tang portions configured to nest between the sprocket teeth and further configured with a bottom tang portion mated for engagement with the rounded bottoms in said gullets with the saw chain entrained on the guide bar as defined above.

In its Markman Order the Court construed "bottom tang portion mated for engagement with the rounded bottoms in said gullets" to mean "the tang portion is adapted to contact the

9 - OPINION AND ORDER

gullet formation substantially along the rounded bottom region of the gullet to transmit operational forces to the bottom of the gullet."

**III. Literal Infringement.**

Plaintiffs contend Defendants' Accused Products include each and every limitation in Claim One of the '783 Patent and thus literally infringe it. Defendants concede the Accused Products include all of the limitations of Claim One with the exception of the "mated for engagement with the rounded bottoms in said gullets" limitation.

Whether literal infringement has occurred is ordinarily a question of fact. *Insituform Tech., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 692 (Fed. Cir. 1998), cert. denied, 526 U.S. 1018 (1999). Literal infringement of a claim exists "when every limitation recited in the claim is found in the accused device." *Enercom GmbH v. Int'l Trade Comm'n*, 151 F.3d 1376, 1385 (Fed. Cir. 1998), *cert. denied*, 526 U.S. 1130, *reh'g denied*, 527 U.S. 1054 (1999) (citation omitted).

As noted, the only limitation at issue is the "tang portion is adapted to contact the gullet formation substantially along the rounded bottom region of the gullet to transmit operational forces to the bottom of the gullet" limitation. Plaintiffs' expert, Arvin Hille, opines substantial contact exists between

the tang and the gullet on the grounds that the tangs and gullets showed wear after testing, x-ray images show contact while the saw is at rest, and the pressure of the saw against the wood eliminates any gap during operation.

Although Defendants' expert, Philip O'Keefe, admits the tangs of the Accused Products contact the gullet minimally, he nonetheless opines the contact is not substantial because it does not transmit any operational forces to the bottom of the gullet. Defendants argue that the small area of wear on the edges of the tangs and gullets demonstrates a high amount of pressure within those areas despite the fact the '783 Patent was designed to relieve such pressure.  According to Defendants, there would be very little or no deformation in the tang or gullet if the tangs of the Accused Products were in substantial contact with the bottom of gullet.  In addition, Defendants challenge the validity of the tests performed by Plaintiffs.

As noted, whether literal infringement has occurred is ordinarily a question of fact.  *Insituform Tech.*, 161 F.3d at 692.  Particularly in light of the experts' disagreement as to whether the contact between the tang and the gullet in the Accused Products is sufficient to transmit operational forces to the bottom of the gullet, the Court concludes Defendants have raised a genuine issue of material fact as to whether the tang

11 - OPINION AND ORDER

portion of the Accused Products "is adapted to contact the gullet formation substantially along the rounded bottom region of the gullet to transmit operational forces to the bottom of the gullet" and, thus, whether Defendants' products literally infringe Claim One.

Accordingly, Plaintiffs' Motion for Summary Judgment as to literal infringement of the '783 Patent is denied.

**IV.  Infringement Under the Doctrine of Equivalents.**

Plaintiffs also contend Defendants' Accused Products infringe Claim One of the '783 Patent under the doctrine of equivalents because the Accused Products perform the same function as Plaintiffs' patented combos in substantially the same way and with the same result.

Even if the accused device does not literally infringe, it may infringe under the doctrine of equivalents if each limitation of the claim is met in the accused device. *Cybor Corp.*, 138 F.3d at 1459-60 (citations omitted).  An element in the accused product is equivalent to a claim limitation if the difference between the two is insubstantial to one of ordinary skill in the art.  *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331-32 (Fed. Cir. 2001) (citations omitted).  To evaluate the doctrine of equivalents, "the following test is often used:  if the 'function, way, or result' of the assertedly substitute

12 - OPINION AND ORDER

structure is substantially different from that described by the claim limitation, equivalence is not established." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 ((Fed. Cir. 1999) (citations omitted).

Plaintiffs assert the Accused Products reduce stress on the nose sprocket in the same manner as Plaintiffs' combos, *i.e.*, by providing a third area of contact between the tang and gullet that transmits operational forces to the bottom of the gullet. Plaintiffs also argue this third area of contact limits stress on the nose sprocket and reduces wear, which is the primary function of the '783 Patent. Again Defendants maintain the wear on the tang and gullet occurs precisely because the Accused Products do not accomplish the required result of distributing operational forces to the bottom of the gullet.

As noted, Defendant has raised a question of material fact with respect to literal infringement as to whether the tang portion of the Accused Products "is adapted to contact the gullet formation substantially along the rounded bottom region of the gullet to transmit operational forces to the bottom of the gullet." Because the experts disagree as to whether the deformation in the tangs and gullets after use is or is not due to the transmission of substantial operational forces to the bottom of the gullet, the Court concludes this question of

13 - OPINION AND ORDER

material fact also prevents summary judgment in Plaintiffs' favor under the doctrine of equivalents.

Accordingly, Plaintiffs' Motion for Summary Judgment as to infringement of the '783 Patent under the doctrine of equivalents is denied.

## V. Indirect Infringement.

Finally, Plaintiffs seek summary judgment of infringment on the basis that Defendants' Accused Products indirectly infringe Claim One of the '783 Patent.

Indirect infringement consists of either inducement of infringement or contributory infringement. 35 U.S.C. § 271(b), (c). Inducement of infringement occurs when a seller induces another to infringe the patent. 35 U.S.C. § 271(b). Contributory infringement occurs when a seller is aware that the device is "especially made or especially adapted for use in an infringement" of a patent. 35 U.S.C. § 271(c). Either form of indirect infringement fails without proof of direct infringement by some party. *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.* 279 F.3d 1022, 1033 (Fed. Cir. 2002).

Because the Court has concluded questions of material fact exist as to whether the Accused Products literally include or are equivalent to the limitation "adapted to contact the gullet formation substantially along the rounded bottom region of the gullet to transmit operational forces to the bottom of the

14 - OPINION AND ORDER

gullet," it follows Plaintiff has not established a indirect infringement as a basis for summary judgment.

Accordingly, Plaintiffs' Motion for Summary Judgment as to indirect infringement of the '783 Patent is denied.

## **CONCLUSION**

For these reasons, Plaintiffs' Motion for Summary Judgment for Infringement (#106) is **DENIED**.

IT IS SO ORDERED.

DATED this __31st__ day of December, 2008.

___/s/ Anna J. Brown__
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER