IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLOUNT, INC., a Delaware
corporation; and OREGON
CUTTING SYSTEMS, a division
of Blount, Inc.,

       Plaintiffs,

v.

TRILINK SAW CHAIN, LLC, a
Georgia Limited Liability
Company; TRILINK GLOBAL, LLC,
a Georgia Limited Liability
company; JINHUA TRILINK
HARDWARE COMPANY, LTD, a
Chinese company; and JINHUA
HUIHUANG HARDWARE COMPANY, LTD,
a Chinese company,

       Defendants.

06-CV-767-BR

VERDICT, FINDINGS
OF FACT, AND
CONCLUSIONS OF LAW

**CHRISTOPHER J. LEWIS**
**DAVID W. AXELROD**
**PAUL H. BEATTIE**
**DEVON ZASTROW NEWMAN**
Schwabe Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue
Portland, OR 97204
(503) 222-9981

          Attorneys for Plaintiffs

**SUSAN D. PITCHFORD**
**WILLIAM O. GENY**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

          Attorneys for Defendants


**BROWN, Judge.**

     On May 31, 2006, Plaintiffs Blount, Inc., and Oregon Cutting

Systems (hereinafter referred to collectively as Blount) filed a

Complaint in which they alleged Defendants TriLink Saw Chain,

LLC; TriLink Global, LLC; Jinhua TriLink Huihuang Company, LTD;

and Jinhua Huihuang Hardware Company, LTD, (hereinafter referred

to collectively as Trilink) infringed Blount's Patent No.

5,136,783 ('783 Patent) and Patent No. 6,003,423 ('423 Patent).

Blount later withdrew its claim as to the '423 Patent.

     After a seven-day trial commencing February 24, 2009, the

jury rendered a Special Verdict on March 5, 2009, primarily in

favor of Blount in which it found (1) Trilink literally infringed

the '783 Patent, (2) Trilink infringed the '783 Patent under the

2 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

doctrine of equivalents, (3) Trilink did not induce infringement of the '783 Patent, (4) Trilink did not contribute to the infringement of the '783 Patent, and (5) the '783 Patent was not invalid as anticipated.  The jury awarded Blount a reasonable royalty in the amount of $403,530 and price-erosion damages in the amount of $1,532,649.  The jury also made several advisory factual findings pertaining to whether the '783 Patent is invalid as obvious.

This matter is now before the Court because the ultimate determination as to whether the '783 Patent is invalid as obvious is a question for the Court.

For the reasons that follow, the Court enters its Verdict in favor of Blount and against Trilink on Trilink's Counterclaim of invalidity based on obviousness on the ground that Trilink did not prove by clear and convincing evidence that the '783 Patent is invalid as obvious.

## BACKGROUND

The '783 Patent addresses the interaction between a nose sprocket and a saw chain around the far end of the guide bar of a chain saw.  The nose sprocket guides the saw chain around the end or nose of the guide bar.  The saw chain is the part of the saw that cuts material.  It rests on edges of the guide bar. The nose sprocket is located at the far end of the guide bar in

3 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

order to guide the saw chain around the nose of the guide bar.
The saw chain is composed of two types of alternating links:
cutting links and drive links.  The links are coupled together
with rivets.  Cutting links have a sharp projection at the top;
drive links have a projection or tang at the bottom.  During
operation, the tang engages with a drive sprocket that is
located in the body of the saw for the purpose of driving the saw
chain around the guide bar.

On August 18, 2008, Trilink filed a Motion for Summary
Judgment in which it asserted Blount's '783 Patent was invalid as
anticipated by prior art.  At the same time, Blount filed a
Motion for Summary Judgment in which it asserted it was entitled
to a judgment that Trilink infringed Claim One of the '783
Patent.  The Court denied Trilink's Motion in an Order issued on
October 28, 2008, and denied Blount's Motion in an Opinion and
Order issued December 31, 2008.

As noted, after a seven-day trial, the jury returned a
Special Verdict on March 5, 2009, primarily in favor of Blount.
In addition, the jury made several advisory factual findings as
set forth below pertaining to whether the '783 Patent is invalid
as obvious.

The Court then directed the parties to submit post-trial
briefs addressing their theories of obviousness and took the
issue under advisement.  On March 20, 2009, Trilink submitted its

Memorandum of Law on the Issue of Obviousness, and on April 7, 2009, Blount submitted its Post-Trial Brief in Support of the Jury's Findings on Nonobviousness.  In addition, on April 23, 2009, Blount submitted Proposed Findings of Fact and Conclusions of Law in which Blount restates the jury's factual findings and proposes a conclusion of law that the '783 Patent is not invalid as obvious.  Trilink objected on the ground that Blount's Proposed Findings of Fact and Conclusions of Law is procedurally improper in light of the Court's March 23 and April 1, 2009, scheduling orders.

As noted, this matter is now before the Court because the ultimate determination as to whether the '783 Patent is invalid as obvious is a question for the Court.

## **VERDICT**

The Court has weighed, evaluated, and considered all the evidence presented at trial and all of the arguments of counsel. Having completed its deliberation and based on its Findings of Fact and Conclusions of Law herein as required under Federal Rule of Civil Procedure 52(a), the Court renders the following Verdict:

In favor of Blount and against Trilink on Trilink's Counterclaim of invalidity based on obviousness on the ground that Trilink did not prove by clear and convincing evidence that

5 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

the '783 Patent is invalid as obvious.

### STANDARDS

"An invention is not patentable . . . 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.'" *Takeda Chem. Indust., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007) (quoting 35 U.S.C. § 103). Obviousness "is ultimately a legal question, based on underlying factual determinations." *Eisai Co. Ltd. v. Dr. Reddy's Lab., Ltd.*, 533 F.3d 1353, 1356 (Fed. Cir. 2008). "The factual determinations underpinning the legal conclusion of obviousness include (1) the scope and content of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the claimed invention and the prior art, and (4) evidence of secondary factors, also known as objective indicia of nonobviousness." *Id.* (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)). The objective evidence of nonobviousness includes:  (1) commercial success of the patented product due to the merits of the claimed invention, (2) a long-felt need for the solution that is provided by the claimed invention, (3) unsuccessful attempts by others to find the solution that is provided by the claimed invention, (4) copying of the claimed invention by others, (5) unexpected and superior

6 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

results from the claimed invention, (6) acceptance by others of
the claimed invention as shown by praise from others in the field
or from licensing of the claimed invention, and (7) teaching away
in the prior art. *Ecolochem, Inc. v. S. Cal. Edison Co.*,
227 F.3d 1361, 1376-81 (Fed. Cir. 2000).  The Court also must
"guard against any hindsight bias" when analyzing obviousness.
*Miniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1325
(Fed. Cir. 2008).

     In addition, "[b]ecause a patent is presumed to be
valid . . ., the evidentiary burden to show facts supporting a
conclusion of invalidity, which rests on the accused infringer,
is one of clear and convincing evidence."  *Takeda*, 492 F.3d at
1355.


### JURY'S ADVISORY FINDINGS OF FACT AS TO THE INVALIDITY OF THE '783 PATENT BASED ON OBVIOUSNESS

     The jury made the following advisory findings of fact
pertaining to whether the '783 Patent is invalid based on
obviousness:

     1.   The level of ordinary skill in the field would be a
minimum of three years of technical or engineering experience in
the design and use of outdoor power equipment or a technical
education in mechanical engineering and one year of experience in
the design and use of outdoor power equipment.

     2.   With respect to the differences between the claimed

7 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

invention and the prior art at the time of the claimed invention,
Trilink's prior art references do not provide a reason to combine
those references and do not teach elimination of a gap between
the drive tang bottom and gullet bottom.  Instead Trilink's
references support the conventional teaching that such a gap is
needed in addition to the cleanout to avoid sawdust packing in
the bottom of the gullet.

   3.   Plaintiffs proved by a preponderance of the evidence
that all of the objective evidence of nonobviousness applies to
the '783 Patent as set forth above.

   The Court adopts the jury's advisory findings of fact as its
own.


## CONCLUSIONS OF LAW

   Trilink contends the '783 Patent is invalid as obvious on
the basis of the March 6, 2009, Final Office Action by the United
States Patent and Trademark Office (USPTO) in which it ruled
Claim One of the '783 Patent was anticipated by United States
Patent 4,756,221 (Nitschmann Patent) issued on July 12, 1998, to
Karl Nitschmann, Hans Dolata, and Werner Hartmann and on the
basis of the jury's factual findings.

## I.   The USPTO's Final Office Action does not govern this action.

   Trilink contends the USPTO's March 6, 2009, Final Office
Action in which it concluded the Nitschmann Patent anticipated

8 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

the '783 Patent supports a conclusion that the '783 Patent is
invalid as obvious.  Blount, however, contends the USPTO's Final
Office Action does not have any bearing on the issue before this
Court.

The Federal Circuit has stated

> [i]n an infringement suit before a district
> court, the invalidity of a patent under
> 35 U.S.C. § 103 must be decided on the basis
> of prior art adduced in the proceeding before
> the court.  The issue cannot be decided
> merely by accepting or rejecting the adequacy
> of the positions taken by the patentee in
> order to obtain a Certificate of Reexami-
> nation for the patent.  Once issued by the
> [US]PTO, a patent is presumed valid and the
> burden of proving otherwise rests solely on
> the challenger.

*Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240-41 (Fed.
Cir. 1990).  In addition, "[t]he courts are the final arbiter of
patent validity and . . . the question is ultimately for the
courts to decide, without deference to the rulings of the patent
examiner."  *Quad Environ. Tech. Corp. v. Union Sanitary Dist.*,
946 F.2d 870, 876 (Fed. Cir. 1991).

Accordingly, the Court concludes the USPTO's determination
of invalidity in the reexamination proceeding does not govern
this matter, particularly in light of the jury's finding that the
'783 Patent was not anticipated by the Nitschmann Patent.
Trilink does not challenge the jury's conclusion as to antici-
pation by the Nitschmann Patent, and the Court, therefore, will

not disturb the jury's Verdict.

**II.  The jury's advisory findings of fact support a conclusion by the Court that the '783 Patent is not invalid as obvious.**

Trilink contends the '783 Patent is invalid as obvious because the jury found each and every limitation in Claim One of the '783 Patent was present in the prior art.  Blount, however, argues even if the jury had found each and every element of Claim One of the '783 Patent was present in the prior art, the '783 Patent is not invalid as obvious because the jury concluded a person of ordinary skill in the art would not have had any reason to combine the prior art references and, in addition, the prior art teaches the gap between the tang and the gullet is necessary.

As noted, "[t]he factual determinations underpinning the legal conclusion of obviousness include (1) the scope and content of the prior art, (2) the level of ordinary skill in the art, [and] (3) the differences between the claimed invention and the prior art."  *Takeda*, 492 F.3d at 1355.  In addition, the objective evidence of nonobviousness may be used to rebut a *prima facie* case of obviousness based on prior art references. *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1344 (Fed. Cir. 2008).

The parties do not challenge the jury's factual findings as to the scope and content of the prior art and the level of ordinary skill in the art.

10 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

A.    **Differences between the claimed invention and the prior art.**

"The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007).  "Although predictability is a touchstone of obviousness, the 'predictable result' . . . refers not only to the expectation that prior art elements are capable of being physically combined, but also that the combination would have worked for its intended purpose." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, Nos. 2008-1240, 2008-1253, and 2008-1401, WL 1529603, at *6 (Fed. Cir. 2009) (quoting *KSR*, 550 U.S. at 416).

"[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *KSR*, 550 U.S. at 418.  "[A]ny need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed, [and i]n many cases a person of ordinary skill will be able to fit the teaching of multiple patents together like pieces of a puzzle." *Id.* at 420.  "[I]f the prior art indicated[, however,] that the invention would not have worked for its intended purpose or otherwise taught away from the invention," the result is not obvious. *DePuy*, 2009 WL 1529603, at *6 (citing

11 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

*United States v. Adams*, 383 U.S. 39, 52 (1966)).  "An inference of nonobviousness is especially strong where the prior art's teachings undermine the very reason being proffered as to why a person of ordinary skill would have combined the known elements." *Id*.  "A reference may be said to teach away when a person of ordinary skill, upon reading the reference, would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the path that was taken by the applicant."  *Id.* at *7 (quoting *Ricoh Co., Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1332 (Fed. Cir. 2008))(quotation marks omitted).

As noted, Trilink asserts the jury found each and every element of Claim One is disclosed in the prior art.  In Question 6(c) of the Special Verdict, however, the jury crossed out the following language:

> The references cited by [Trilink] also fail
> to teach any of the following:  (1) a tang
> portion adapted to contact the gullet
> formation substantially along the rounded
> bottom region of the gullet to transmit
> operational forces to the gullet bottom,
> (2) rivets traversing a common linear path,
> or (3) rivets traversing a common curvilinear
> path.

In other words, the jury did not find the prior art includes the teachings crossed out.  Thus, contrary to Trilink's position, the jury did not find each and every limitation in Claim One of the

12 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

'783 Patent is found in the prior art.  Crossing out the above language does not constitute a finding by the jury that the elements listed in Question 6(c) are taught in the prior art.

Moreover, as noted, the jury found Trilink's prior art references do not provide a reason to combine those references and do not teach elimination of a gap between the drive tang bottom and gullet bottom.  The jury also found Trilink's prior art references support the conventional teaching that such a gap is needed in addition to the cleanout to avoid sawdust packing in the bottom of the gullet.  "[I]f the prior art indicate[s] that the invention would not have worked for its intended purpose or otherwise taught away from the invention," the result is not obvious.  *DePuy*, 2009 WL 1529603, at *6 (citation omitted).

Accepting the jury's findings that Trilink did not establish by clear and convincing evidence any motivation to combine the prior art references and that the prior art teaches the conventional gap between the tang and the gullet is required, the Court concludes Trilink has not established by clear and convincing evidence that the '783 Patent is invalid as obvious.

**B.    The objective evidence of nonobviousness.**

Trilink argues the Court should disregard the jury's findings as to the objective evidence of nonobviousness because

Trilink contends it has established a strong *prima facie* case of

13 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

obviousness based on the jury's factual findings and the USPTO's Final Office Action.  Trilink points out that a strong *prima facie* case can overcome the secondary factors.  *See Agrizap*, 520 F.3d at 1344.

The objective evidence of nonobviousness must always "be considered en route to a determination of obviousness" and not just "when the decisionmaker remains in doubt after reviewing the art."  Richardson-Vicks Inc. v. Upjohn Co., 122 F.3d 1476, 1483 (Fed. Cir. 1997)(quoting *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538 (Fed. Cir. 1983))(quotation marks omitted).  As noted, the jury did not find each and every element of Claim One is present in the prior art.  The Court has also concluded the USPTO's Final Office Action does not govern these proceedings.  Accordingly, the Court finds Trilink has not established a "strong *prima facie* case of obviousness."

In addition, the jury found Blount proved by a preponderance of the evidence that all of the objective evidence of nonobviousness is present in the claimed invention.  Accordingly, the jury's findings support a legal conclusion of nonobviousness.

In summary, applying the law to the jury's advisory findings of fact as adopted by the Court as its own, the Court concludes Trilink has failed to establish by clear and convincing evidence that the '783 Patent is invalid as obvious.

## **CONCLUSION**

14 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

For these reasons, the Court enters its Verdict as follows:

In favor of Blount and against Trilink on Trilink's Counterclaim of invalidity based on obviousness on the ground that Trilink did not prove by clear and convincing evidence that the '783 Patent is invalid as obvious.

The parties shall confer regarding an appropriate form of judgment.  Blount's counsel shall submit a form of judgment to the Court no later than July 6, 2009, together with any explanatory statement necessary to reflect any issues between the parties as to the language used in the Judgment.

IT IS SO ORDERED.

DATED this 25th day of June, 2009.


                                    /s/ Anna J. Brown
                                    _____
                                    ANNA J. BROWN
                                    United States District Judge