IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BLOUNT, INC., a Delaware corporation; and OREGON CUTTING SYSTEMS, a division of Blount, Inc., | 06-CV-767-BR<br><br>OPINION AND ORDER |
|       Plaintiffs, | |
| v. | |
| TRILINK SAW CHAIN, LLC, a Georgia Limited Liability Company; TRILINK GLOBAL, LLC, a Georgia Limited Liability company; JINHUA TRILINK HARDWARE COMPANY, LTD, a Chinese company; and JINHUA HUIHUANG HARDWARE COMPANY, LTD, a Chinese company, | |
|       Defendants. | |

1 - OPINION AND ORDER

**CHRISTOPHER J. LEWIS**
**DAVID W. AXELROD**
**PAUL H. BEATTIE**
**DEVON ZASTROW NEWMAN**
Schwabe Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue
Portland, OR 97204
(503) 222-9981

      Attorneys for Plaintiffs

**SUSAN D. PITCHFORD**
**WILLIAM O. GENY**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Renewed Motion for Mistrial (#223) of Defendants TriLink Saw Chain, LLC; TriLink Global, LLC; Jinhua TriLink Huihuang Company, LTD; and Jinhua Huihuang Hardware Company, LTD, (hereinafter referred to collectively as Trilink) and the Motion to Strike (#248) of Plaintiffs Blount, Inc., and Oregon Cutting Systems (hereinafter referred to collectively as Blount).

For the reasons that follow, the Court **DENIES** both Motions.

## BACKGROUND

On May 31, 2006, Blount filed a Complaint in which it alleged TriLink infringed its Patent No. 5,136,783 ('783 Patent)

2 - OPINION AND ORDER

and Patent No. 6,003,423 ('423 Patent). Blount later withdrew its claim as to the '423 Patent.

On August 18, 2008, Trilink filed a Motion for Summary Judgment in which it asserted Blount's '783 Patent was invalid as anticipated by prior art. At the same time, Blount filed a Motion for Summary Judgment in which it asserted it was entitled to a judgment that Trilink infringed Claim One of the '783 Patent. The Court denied Trilink's Motion in an Order issued on October 28, 2008, and denied Blount's Motion in an Opinion and Order issued December 31, 2008.

On February 24, 2009, a seven-day trial commenced with respect to Claim One of the '783 Patent on the issues of (1) whether Trilink had literally infringed the '783 Patent; (2) whether Trilink had infringed the '783 Patent under the doctrine of equivalents; (3) whether Trilink had induced infringement of the '783 Patent; (4) whether Trilink had contributed to infringement of the '783 Patent; (5) whether the '783 Patent was invalid as anticipated; and (6) the amount of damages, if any, due to Blount. In addition, the jury was asked to make several factual findings as to whether the '783 Patent was invalid as obvious.

On March 4, 2009, the jury returned a Special Verdict in which it found (1) Trilink literally infringed the '783 Patent, (2) Trilink infringed the '783 Patent under the doctrine of

3   -   OPINION AND ORDER

equivalents, (3) Trilink did not induce infringement of the '783 Patent, (4) Trilink did not contribute to infringement of the '783 Patent, and (5) the '783 Patent was not invalid as anticipated.  The jury awarded Blount a reasonable royalty in the amount of $403,530 and price-erosion damages in the amount of $1,532,649.  In addition, the jury made several factual findings as to whether the '783 Patent is invalid as obvious.

On March 20, 2009, Trilink filed a Motion for Mistrial on the basis of attorney misconduct.  On April 28, 2009, Blount filed a Motion to Strike the Declaration of Mark Traylor filed by Trilink in support of its Reply to its Motion for Mistrial.

## **TRILINK'S RENEWED MOTION FOR MISTRIAL**

### **Standards**

A mistrial is warranted on the ground of attorney misconduct during trial when the flavor of misconduct "sufficiently permeates" an entire proceeding to the degree that "the jury was influenced by passion and prejudice in reaching its verdict." *Settlegoode v. Portland Pub. Schs.*, 362 F.3d 1118, 1129 (9th Cir. 2004)(citing *Kehr v. Smith-Barney*, 736 F.2d 1282, 1286 (9th Cir. 1984)).

### **Discussion**

Trilink contends a mistrial is warranted because of (1) references by Blount's counsel during opening statement and

4   -   OPINION AND ORDER

closing argument to evidence that the Court ruled inadmissable at the Pretrial Conference and to Trilink's "theft" of the '783 Patent and (2) references by Blount's counsel during trial to the excluded evidence.

**I.     The Court's evidentiary ruling at the Pretrial Conference.**

At the Pretrial Conference on February 20, 2009, the Court made the following ruling:

> [W]ith respect to Trilink's motion to exclude evidence concerning unrelated intellectual property claims, my ruling is that the plaintiffs may show similarities between plaintiffs' website and Trilink's website, similarities between what plaintiff refers to as the ID link on their chain, without referring to that phenomenon as a patented item, and its similarity to a similiarly colored, unique link on the defendants' chain, both conditions, the website and the chain link existing before defendants entered into the market, and let the inferences go from there.
>
> If defendants have innocent explanations for those similarities, we'll hear about them in the jury's presence, and if not, then inference of copying as opposed to theft, stealing, an inference of copying can be argued to the jury, which in turn is part of the *prima facie* burden the plaintiff has under inducement.

Pretrial Tr. 142.[1]

The Court based its ruling primarily on Federal Rule of Evidence 403 and on the fact that these prior intellectual

---

[1] Citations are to the transcript of the Pretrial Conference held February 20, 2009, and are referred to as "Pretrial Tr."

5   -   OPINION AND ORDER

property disputes between the parties were already resolved and a collateral battle regarding the settlement of those claims would not aid in the resolution of this matter and could place Trilink into the potentially prejudicial position of having to explain why it agreed to change its website and to stop using the ID link.

### II. Alleged misconduct during opening statement and closing argument.

Trilink contends counsel for Blount engaged in misconduct warranting a mistrial when he used words such as "steal," "rob," and "theft" in his opening statement and closing argument and referred in his opening statement to Trilink's agreement to change its website after receiving a letter from Blount.

In his opening statement, Blount's attorney stated Blount sent Trilink a letter after Trilink "stole" Blount's web pages, and Trilink agreed to remove the pages. Tr. 171.[2]  Counsel also stated:

> [N]ever in the 65-year history of [Blount] have they been confronted with someone who came on the scene, said we have our foot on another competitor's throat and the same thing will happen to you if you don't buy us; who copied their ID link, who copied their web pages, who copied the '783 Patent, and who came in and tried to basically steal all their business.

Tr. 190-91.

---

[2] Citations are to the trial transcript and are referred to as "Tr."

6   -   OPINION AND ORDER

Trilink objected to this statement on the ground that Blount's attorney was arguing the case, and the Court sustained Trilink's objection.

Blount's attorney then continued:  "And the final analysis, if someone goes and robs a bank, it's not for them to say, why are you asking for the money back?"  Tr. 190-91.  Trilink objected again, and the Court again sustained Trilink's objection.  At the end of Blount's opening statement, Trilink moved for a mistrial on the ground that the Court had instructed Blount's counsel that he was prohibited from alluding to theft.  The Court stated:

> What I was referring to in the pretrial rulings had to do with the context of witness testimony on that point.
>
> I agree with you that counsel's opening statement was more in the nature of a closing argument and advocacy inferences to--that he hopes that can be drawn from the evidence.
>
> I think he's very close to crossing the line, but I don't think we're far enough along that the kind of statement counsel has made are sufficient to prejudice the jury in any way that takes--takes us away from their promises repeatedly made today to be fair and impartial and to follow the Court's instruc-tions. . . .  I don't think a mistrial is warranted here.

Tr. 193.  At the request of Trilink's counsel, the Court reminded the jury that the opening statements of the attorneys were not evidence.

In his closing argument, Blount's attorney said:  "Like I

7   -   OPINION AND ORDER

told you during opening, you almost never have a defendant who will say, 'We did it.  We stole your idea, you know, and we're sorry, and here's the money we owe you.'  That would be refreshing, but it happens very rarely." Tr. 190-91.

At the end of Blount's closing argument, Trilink renewed its Motion for Mistrial on the ground that Blount again had violated the Court's pretrial ruling.  The Court denied Trilink's Motion and noted the statement of Blount's counsel was

> another example of his simply ignoring-- whether from fatigue or deliberate design--a ruling of the Court.
>
> In this context, the use of the word "stole" was not directly attributed to these defendants.  In was, in fact, as you've read, a third-party reference.  [Counsel was] making the point that it's not unusual for defendants accused of infringement to deny [it], and it's very unusual for them to come forward and admit copying or taking a design.
>
> I don't think in context the comment was inflammatory to a degree that it has affected the ability of defendants to have a fair trial. . . .
>
> I don't think my raising it as a curative instruction, at this point, will assist in any way. . . . I do believe the nature of the remark, when examined fairly and in context is, again, not so inflammatory as to have affected the defendants' ability to have a fair trial.

Tr. 1620.

In its rebuttal to Trilink's closing argument, counsel for Blount stated:

8   -   OPINION AND ORDER

> I sometimes struggle between using words
> that are too strong[], as I did in opening.
> And I slipped . . . the other day and used
> the "S" word again.  And we're supposed to
> say "copying."  And I apologize for that.
> It's simply a motion.  It's not meant to be
> disrespectful to anyone.  And the Court is
> correct that copying is what the word is
> here, not theft or something else.

Tr. 1664. Trilink did not object to this statement at that time.

Trilink contends the use of the words "steal," "rob," and "theft" by Blount's counsel during his opening statement and closing argument and his reference to excluded evidence during his opening statement warrants a mistrial on the ground of attorney misconduct.

The Court notes the use of objectionable words during Blount's opening statement and closing argument was not directly contrary to the Court's ruling in that opening statements and closing arguments are not evidence and Blount's counsel did not refer to stealing during the presentation of his evidence.  In addition, "offending remarks occur[ing] principally during opening statement and closing argument, rather than throughout the course of the trial" are less likely to prejudice the jury. *Settlegoode*, 326 F.3d at 1131 (citing *Kehr*, 736 F.2d at 1286).

The Court also notes Trilink requested the Court to instruct the jury that attorneys' statements are not evidence, which the Court did both during the trial and as part of the jury instructions.  "There is a strong presumption that the curative

instructions given by the district court were followed by the jury." *Doe v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000)(citing *United States v. Pavon*, 561 F.2d 799, 803 (9th Cir. 1977)).

Finally, the parties agree any inference in the remarks of Blount's counsel as to copying on the part of Trilink would only be relevant to the issue of Trilink's intent to infringe the '783 Patent indirectly because intent is an element of indirect infringement rather than direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303-06 (Fed. Cir. 2006). In the end, the jury returned a Verdict in Trilink's favor on Blount's indirect infringement claims. Accordingly, the objectionable remarks in Blount's opening statement and closing argument cannot have influenced the jury "by passion and prejudice" as to indirect infringement. *Settlegoode*, 362 F.3d at 1129.

Although the Court does not condone the conduct of Blount's counsel during opening statement and closing argument, the Court concludes counsel's conduct was insufficient to influence the jury to return a Verdict based on passion or prejudice. Accordingly, a mistrial is not warranted.

**III. Alleged misconduct during trial.**

Trilink also contends Blount's references in the jury's presence to evidence the Court excluded was misconduct that prejudiced the jury and warrants a mistrial. Trilink

10   -   OPINION AND ORDER

specifically objects to references Blount made to Trilink's agreement to change its website, to Trilink's agreement to stop using the ID Link, and to previous litigation between the parties.

Blount's counsel asked Mark Lamey, Director of Product Marketing and Development for Blount, what he did when he found out about Trilink's alleged copying of Blount's website, and Lamey responded that he spoke with Blount's legal department. Tr. 342-43.  Trilink objected, and the Court sustained the objection and instructed the jury to disregard the question and the answer.

In addition, counsel for Blount also asked Lamey if he was aware of any other issues of copying on the part of Trilink, and Lamey answered in the negative.  Tr. 344.  After the jury was excused, Trilink objected and asserted the question impermissibly raised the issue of the prior litigation between the parties.  In response to Trilink's objection, the Court stated it did not think "the jurors are going to have any negative inference or ability to draw one, in light of that piece of testimony, standing alone or otherwise."  Tr. 365.

Blount's counsel also asked Steven Lacy, President of Trilink Saw Chain, where Trilink had obtained the frequently-asked questions (FAQs) on its website.  Tr. 571.  Trilink objected, and the Court ordered the question rephrased.

11   -   OPINION AND ORDER

Counsel for Blount also asked Kenneth Saito, Vice President of Manufacturing for Oregon Cutting Systems, whether Trilink had stopped using the ID link in its products.  Tr. 241-42.  Trilink did not object to the question at that time.

After the jury was excused for the day, Trilink renewed its Motion for Mistrial based on the references to Trilink's copying of Blount's website and ID link.  The Court denied Trilink's Motion and agreed to give the jury a limiting instruction.

As noted, Trilink contends the above references by Blount's counsel to evidence that was excluded by the Court warrants a mistrial on the ground of attorney misconduct.  Because the Court gave limiting instructions to the jury regarding the website and ID link issues, however, "[t]here is a strong presumption that the curative instructions given by the district court were followed by the jury."  See Glanzer, 232 F.3d at 1270.  Moreover, Blount's alleged improper references to which Trilink objects occurred a handful of times over the course of a seven-day trial that produced a transcript of nearly 1,700 pages.  Having presided throughout the trial, the Court is confident that the relatively small quantity of objectionable questions did not "permeate the entire proceeding."  See id. (three alleged improper episodes over 717- page trial transcript are too few to permeate the entire proceeding and to warrant a mistrial).

Finally, the parties agree the issue of Trilink copying

12   -   OPINION AND ORDER

Blount's website and ID link is relevant only to the issue of Trilink's intent to infringe the '783 Patent, and intent is an element of indirect infringement rather than direct infringement. *DSU Med. Corp.*, 471 F.3d at 1303-06.  As noted, in light of the fact that the jury returned a Verdict for Trilink on Blount's indirect-infringement claims, the above references could not have influenced the jury "by passion and prejudice in reaching its verdict" as to indirect infringement.  *See Settlegoode*, 362 F.3d at 1129.  Again, although counsel's conduct fell well short of what is expected from lawyers who hold themselves out as experienced trial attorneys, the Court, nevertheless, concludes the challenged conduct of Blount's counsel in referencing excluded evidence during trial did not influence the jury to base their Verdict on passion and prejudice and, therefore, does not warrant a mistrial.

In summary, the Court concludes on this record that the conduct of Blount's counsel during opening statements and closing argument and his references to excluded evidence during the trial (whether considered separately or cumulatively) did not sufficiently influence the jury to warrant a mistrial. Accordingly, the Court denies Trilink's Motion for Mistrial.

## **BLOUNT'S MOTION TO STRIKE**

In its Response to Trilink's Motion for Mistrial and as part

13   -   OPINION AND ORDER

of its argument that it was Trilink's conduct rather than the conduct of Blount's counsel that influenced the jury, Blount asserted some of Trilink's witnesses may have been less than candid during questioning.  To rebut Blount's assertion and to explain its witnesses' responses, Trilink submitted the Declaration of Mark Traylor, President of Trilink Global, in support of its Reply to its Motion.  Blount moves to strike Traylor's Declaration on the ground that it is irrelevant.

The Court has already concluded a mistrial is not warranted on grounds other than those advanced in Traylor's Declaration.  The Court, therefore, denies Blount's Motion to Strike the Traylor Declaration as moot.

## CONCLUSION

For these reasons, the Court **DENIES** Trilink's Renewed Motion for Mistrial (#223) and **DENIES as moot** Blount's Motion to Strike (#248).

IT IS SO ORDERED.

DATED this 25th day of June, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14  -  OPINION AND ORDER